IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WENDOLYN MARIE MARSHALL | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv454 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Wendolyn Marie Marshall, an inmate confined in the Mountain View Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1]

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains of the conditions of her confinement at the Mountain View Unit in Gatesville, Texas.

---

[1] Plaintiff filed this action on a standardized form used for petitions for writ of habeas corpus. Plaintiff checked a box indicating that she was contesting a disciplinary proceeding. However, in response to a question on page five of the standardized form, plaintiff that no disciplinary action had been taken against her. Instead, plaintiff contests the conditions of her confinement at the Mountain View Unit. As plaintiff does not contest the fact or duration of her confinement, plaintiff's complaint is properly construed as a complaint brought pursuant to 42 U.S.C. § 1983. When a state inmate attacks "unconstitutional conditions of confinement and prison procedures," his proper remedy is a civil rights complaint under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred at the Mountain View Unit located in Coryell County, Texas. Further, the defendants are located in Coryell County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Chambers County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Coryell County is in the Waco Division of the Western District of Texas. As Coryell County is located in the Wester District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Western District

of Texas.  An appropriate order so providing will be entered by the undersigned.

**SIGNED** this  27  day of      September      , 2006.

                                    KEITH F. GIBLIN
                                    UNITED STATES MAGISTRATE JUDGE